# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DEENA K. ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-31-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff Deena K. seeks judicial review of the Social Security Commissioner's decision denying her claim for disability insurance benefits and supplemental security income and asks the Court to award benefits or, in the alternative, remand this case for further administrative proceedings. For the reasons given below, the Court reverses the decision of the Commissioner of Social Security and remands the matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In her application for disability insurance benefits and supplemental security income, Plaintiff alleged that she became disabled on December 31, 2013. After a hearing on November 2, 2017, an Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of morbid obesity, cervical displacement, and degenerative disc disease of the lumbar spine. (AR 23). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 27). However the ALJ did find that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 27). Therefore, the ALJ found Plaintiff not disabled from December 31, 2013 through March 8, 2018, the date of the ALJ's decision. (AR 28-29). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

**STANDARD OF REVIEW**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**DISABILITY STANDARD**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**ANALYSIS**

Plaintiff argues that the ALJ erred in evaluating her subjective symptoms and in evaluating the opinion evidence of record.

**A. Subjective Symptoms**

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir.

2006). An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

> (1) The individual's daily activities;
> (2) Location, duration, frequency, and intensity of pain or other symptoms;
> (3) Precipitating and aggravating factors;
> (4) Type, dosage, effectiveness, and side effects of any medication;
> (5) Treatment, other than medication, for relief of pain or other symptoms;
> (6) Other measures taken to relieve pain or other symptoms;
> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

Plaintiff argues that the ALJ improperly discounted her testimony that she requires assistance from her son to complete household chores. However, the Court finds no error here. The ALJ reported that Plaintiff's testimony was that she required her son's assistance, and the ALJ also reported that Plaintiff did housework in May 2017. Plaintiff argues that there is no inconsistency here, but she misses the fact that the ALJ did not find any inconsistency. The ALJ appears to merely be reporting Plaintiff's daily activities for the purpose of completing his subjective symptom analysis as required by the regulations.

Plaintiff next argues that the ALJ erred regarding Plaintiff's use of a cane. Plaintiff testified that she used a cane, but the ALJ contrasted this with Dr. Ungar-Sargon's finding that Plaintiff had a normal gait. (AR 26 (citing generally AR 356-96, 400-59, 466-529)). However, the ALJ ignored other parts of Dr. Ungar-Sargon's examination notes that show hip tenderness and positive Pace's, Thomas, and FABER tests. *See, e.g.*, (AR 407). The ALJ also noted that no physician prescribed a cane to Plaintiff. However, as Plaintiff correctly identifies, Dr. Ungar-Sargon noted that Plaintiff

3

"needs to use cane to assist in ambulation." (AR 400). Additionally, canes do not require prescriptions, so the lack of a prescription is no reason to discount Plaintiff's report of her subjective symptoms. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

The ALJ also discounts Plaintiff's testimony that on some days she lies in pain and screams by noting that Plaintiff had, at times, described her pain as 2 out of 10. The same records cited to support the reports of 2 out of 10 also reveal reports of much higher levels of pain. *See, e.g.*, (AR 412 ("Patient rates the pain as 8/10."); AR 444 ("Pain rate is about 8."); AR 502 ("Patient rates the pain as 7/10")). ALJs are not permitted to cherry-pick from the record only the evidence that supports their decisions. *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014) (holding that the ALJ's "apparent selection of only facts from the record that supported her conclusion, while disregarding facts that undermined it, is an error in analysis that requires reversal"). Plaintiff's testimony is that she has days where the pain is so bad that she lies down and screams. This is not inconsistent with the ALJ's cited evidence that Plaintiff has days where her pain is only 2 out of 10, and the testimony is supported by the medical records—which the ALJ ignored—indicating much higher pain levels.

Further, the ALJ called Plaintiff's EMGs and CT scan "essentially unremarkable," (AR 26), but the CT scan revealed straightening of the cervical spine due to muscle spasm, (AR 558), and a lumbar spine X-ray showed marked degenerative disk disease at L5-S. "The ALJ must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citing *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)). The ALJ has misstated the record regarding the CT scan and impermissibly ignored the X-ray, which is significant evidence that does not support the ALJ's conclusion regarding Plaintiff's pain.

The Commissioner's response to Plaintiff's asserted errors is to merely summarize the ALJ's discussion of Plaintiff's subjective symptoms. The Commissioner does not directly address the arguments that the ALJ ignored important evidence, mischaracterized the CT scan, and cherry-picked from the record. Remand is required for a new analysis of Plaintiff's subjective symptoms regarding her pain and its effects on her ability to work.

### B. Other Issues

Plaintiff also contends that the ALJ erred in assigning little weight to the opinion of treating physician Dr. Ungar-Sargon and in determining Plaintiff's RFC after also assigning little weight to the opinions of the state agency physicians. Because the ALJ erred in evaluating Plaintiff's subjective symptoms, remand is required. Proper analysis of Plaintiff's subjective symptoms may alter the rest of the ALJ's decision, including the weight assigned to the opinion evidence. On remand, the ALJ will have the opportunity to determine anew the amount of weight to give to each medical opinion.

Plaintiff also identifies a purported step five issue in a footnote to her reply brief, but that argument was not brought in her opening brief and is therefor waived.

### C. Request for Award of Benefits

Though Plaintiff requests an award of benefits, that remedy is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). In this case, remand, not an immediate award of benefits, is required.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in the Opening Brief [DE 14], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits.

SO ORDERED on February 27, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
